IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CHRISOPHER JAMES MAJORS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF WEST DES MOINES, IOWA,<br>WEST DES MOINES POLICE<br>DEPARTMENT, and JASON HATCHER,<br>in his individual capacity,<br><br>　　　　Defendants. | Case No. 4:23-cv-00052-SMR-SBJ<br><br>ORDER ON MOTION FOR PARTIAL<br>SUMMARY JUDGMENT |

Plaintiff Christopher Majors filed a three-count complaint stemming from his arrest several days after an incident at his home involving his wife and small child. He argues that the responding officers violated his constitutional rights because he was arrested without probable cause. Although he was arrested pursuant to a judicially-issued arrest warrant, Plaintiff contends that the officer who requested the warrant included false information which was material to the probable cause determination. The above-captioned Defendants filed a Motion for Summary Judgment arguing there is no material dispute of fact whether Plaintiff's constitutional rights were violated.

## I.   BACKGROUND

### A. *Factual Background*

On January 27, 2021, West Des Moines police officers responded to a call regarding a domestic disturbance. [ECF No. 36-2 ¶ 1]. Majors advised officers that his wife Meredith Majors had pushed him from behind in their front yard as he was attempting to leave with his daughter. *Id*. ¶ 2. Meredith Majors recounted that Majors had tried to block her with his body, pushed her down into the snow, and stepped on her as he passed by. *Id*. ¶ 3. A neighbor spoke with officers,

1

where he advised that he did not observe a physical altercation between the Majors but he had heard Christopher Majors shout that his wife was going crazy and that police were responding. *Id.* ¶ 4. The neighbor explained that he witnessed Christopher Majors hand their daughter to Meredith Majors before she and the child went inside the home. *Id.* ¶ 5. There were signs of a physical struggle in the snow according to the police report. *Id.* ¶ 6. No arrest was made at the time because the responding officers could not determine a primary aggressor based on the information available to them. *Id.* ¶ 7.

Later that same evening, Meredith Majors emailed Officer Wright regarding injuries she had discovered after taking a shower. *Id.* ¶ 10. Officer Wright returned to the residence to speak with Meredith and document her injuries. *Id.* ¶ 11. Christopher Majors had left the family home for the night to stay with relatives. Officer Wright took photographs of Meredith's injuries with his patrol camera. *Id.* ¶ 12. Shortly after he left, Meredith emailed Officer Wright again to notify him of injuries to the daughter with a photograph attached. *Id.* ¶ 13. Officer Wright notified state authorities about the incident due to the physical struggle that occurred while the child was in Christopher Majors's arms. *Id.* ¶ 14.

Meredith emailed ten more photographs of her injuries to Officer Wright over the next few days. *Id.* ¶¶ 15, 16. One week after the incident, on February 4, 2021, Meredith emailed Officer Wright medical records from a doctor visit diagnosing her with a bruised rib. *Id.* ¶ 17. She also included messages between her medical provider clarifying whether she had a slight rib fracture. *Id.* ¶ 19. Officer Wright spoke with Meredith by telephone a few days later, where she advised him that she received an x-ray of her ribs. *Id.* ¶ 20. She also told him she spoke with her neighbor whom officers had interviewed as a witness to the altercation, and he said that his original statement was not accurate. *Id.* ¶ 21. Later that day, Officer Wright spoke with the neighbor again

and drafted a supplemental report based on this conversation. *Id*. ¶ 23. The case was then referred to Detective Jason Hatcher for further proceedings. *Id*. ¶ 25.

Detective Hatcher spoke with Meredith by phone on February 5, 2021. *Id*. ¶ 29. She told Detective Hatcher that her medical provider believed that she had a slight fracture in her rib area. *Id*. ¶ 30. A message in the summary judgment record reflects that the provider described rib x-rays as "tricky" and it was "likely" that she just suffered a bruise. [ECF No. 31-2 at 42] (sealed). Detective Hatcher received a copy of the medical records from Meredith. [ECF No. 36-2 ¶ 31] (sealed). He then spoke with Officer Wright, who told him that he believed that Christopher Majors was the primary aggressor based on his further interviews with Meredith and the neighbor, and reviewing the medical records. *Id*. ¶ 34.

Detective Hatcher then prepared a criminal complaint charging Christopher Majors with domestic assault causing bodily injury and attached an affidavit to the complaint. *Id*. ¶¶ 39, 40. On February 9, 2021, a state magistrate judge issue an arrest warrant for Christopher Majors. *Id*. ¶ 44. He soon turned himself into the Polk County Jail. *Id*. ¶ 45. The charges were dismissed by prosecutors on June 2, 2021. *Id*. ¶ 46.

## B. Procedural Background

Majors filed this lawsuit asserting three claims based upon his arrest and the initiation of the criminal proceeding. [ECF No. 1]. He named the City of West Des Moines, the West Des Moines Police Department[1], and Detective Jason Hatcher in his individual capacity. [ECF No. 15]. Count I alleges false arrest under the Fourth Amendment and Iowa common law. In Count II,

---

[1] It has long been recognized that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit." *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 Fed. App'x 436, 437 (8th Cir. 2001); *Anderson v. City of Hopkins*, 805 F. Supp. 2d 712, 719 (D. Minn. 2011) (noting that police departments, because they are subdivisions of a municipality, "are not legal entities subject to suit").

Majors brings a malicious prosecution claim. And Count III of the Second Amended Complaint ("SAC") alleges a due process violation for unlawful seizure.

Defendants filed a Motion for Summary Judgment, arguing that there is no dispute of material fact that Detective Hatcher had probable cause to arrest and there were no factual inaccuracies contained in the affidavit he submitted in support of an arrest warrant. [ECF No. 31 at 5–6] (sealed). Majors resists the Motion for Summary Judgment. [ECF No. 36].

He notes that Defendants' Motion for Summary Judgment is a partial motion because it only addresses arrest without probable cause. In their reply brief, Defendants assert that they are "asking the Court to dismiss Plaintiffs' Second Amended Complaint in its entirety." [ECF No. 40]. Despite this assertion, they do not discuss the other two claims asserted by Plaintiff in the SAC. The Federal Rules of Civil Procedure require a party seeking summary judgment to "*identify*[] each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). Defendants identify only Count I for purposes of summary judgment, therefore the Court cannot dismiss the entire SAC notwithstanding the clear lack of merit in Count II and Count III.

## II.   DISCUSSION

### A.   *Summary Judgment Standard*

Summary judgment is proper when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Meyer v. McKenzie Elec. Coop., Inc.*, 947 F.3d 506, 508 (8th Cir. 2020) (citing Fed. R. Civ. P. 56(a)). A material fact is one that "may affect the outcome of the lawsuit." *TCF Nat'l Bank v. Mkt. Intelligence, Inc.*,

812 F.3d 701, 707 (8th Cir. 2016) (citation omitted). A dispute over a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). At summary judgment, the nonmoving party is entitled to the benefit of all reasonable inferences that may be drawn from a record viewed in the light most favorable to it. *McGowen, Hurst, Clark & Smith, P.C. v. Com. Bank*, 11 F.4th 702, 710 (8th Cir. 2021) (citing *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc)). The nonmoving party must identify "specific facts" in dispute that preclude the entry of summary judgment, it is not enough to "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

Partial summary judgment may be sought on some claims or defenses, or a portion of a claim or defense. Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or part of each claim or defense—on which summary judgment is sought."); *see also Precision Press, Inc. v. MLP U.S.A., Inc.*, No. C09-4005-MWB, 2012 WL 3679670, at *10 (N.D. Iowa Aug. 24, 2021) (noting that district courts often "grant partial summary judgment on an issue of liability and leave damages for trial").

*B. Analysis*

In Count I of the SAC, Majors brings a claim for false arrest. He asserts the claim under the United States Constitution and Iowa common law. [ECF No. 15 at 10]. Majors alleges that his arrest violated his Fourth Amendment right to be free from unreasonable seizures because there was no probable cause to support his arrest. *Id.* ¶ 144. He also pleads that Defendants' actions violated his rights under the Fifth Amendment and Sixth Amendment.

Defendants seeks summary judgment on Count I.  They argue that there was probable cause for his arrest, which was conducted pursuant to an arrest warrant that was approved by a state magistrate judge.  Furthermore, Defendants contend that the affidavit submitted by Detective Hatcher in support of the arrest warrant did not contain any deliberate or reckless falsehoods or omissions.  Even if there were any false statements in the affidavit, they urge that it was not necessary to a probable cause determination.  Defendants also assert that they are entitled to qualified immunity for the arrest.

1. Probable Cause Finding

The Fourth Amendment provides, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "To establish a Fourth Amendment violation, the claimant must demonstrate a seizure occurred and the seizure was unreasonable." *Quraishi v. St. Charles Cnty.*, 986 F.3d 831, 839 (8th Cir. 2021) (citation omitted).  An arrest is the "quintessential[]" seizure. *Payton v. New York*, 445 U.S. 573, 585 (1980) (quoting *United States v. Watson*, 423 U.S. 411, 428 (1976)).  An arrest warrant is "the default rule to effect a reasonable arrest." *Furlow v. Belmar*, 52 F.4th 393, 401 (8th Cir. 2022).  Probable cause for arrest "is not a high bar." *Kaley v. United States*, 571 U.S. 320, 338 (2014).  It only requires "the kind of fair probability on which reasonable and prudent people" behave. *Florida v. Harris*, 568 U.S. 237, 244 (2013) (cleaned up).  Probable cause exists if "the totality of facts based on reasonably trustworthy information would justify a prudent person in believing the individual arrested had committed" a crime. *Flynn v. Brown*, 395 F.3d 842, 844 (8th Cir. 2005) (quoting *Hannah v. City of Overland*, 795 F.2d 1385, 1389 (8th Cir. 1986)).  When a person is arrested pursuant to a warrant, the probable cause finding by a neutral magistrate "is

the clearest indication that the officers acted in an objectively reasonable manner." *Saterdalen v. Spencer*, 725 F.3d 838, 841 (8th Cir. 2013) (citation omitted).

As discussed above, the officers who responded to the disturbance at the Majors' residence could not initially determine the primary aggressor during the incident. After further investigation, Officer Wright came to a conclusion that Christopher Majors was the likely primary aggressor, based on the photographs he received from Meredith Majors, medical records, and follow-up interviews with her and the neighbor. [ECF No. 36-2 ¶ 34] (sealed). It was at that point that he referred the case to Detective Hatcher for further determination. Detective Hatcher drafted a criminal complaint and affidavit to support probable cause. The affidavit stated:

> On the 27th day of January 2021 at approximately 1919 hours, West Des Moines Police Officers were dispatched to 4621 Westwood Drive to investigate a domestic assault between the defendant and his wife, while their 5-year-old child was present. During the physical altercation, the defendant did push the female backwards several times, as he was trying to flee the residence, which resulted in the victim falling to the ground. The defendant than stepped on the victims back while trying to move away from her. The victim went to a local medical center and was diagnosed with a slight fracture and bruised ribs. Upon review of the facts and the medical documents, I, Detective Hatcher, determined that the victim's injuries were consistent with the facts to the investigation and because of same, the above described criminal charge was authored and filed against the defendant, Christopher James Majors.

[ECF No. 31-2 at 45] (sealed). A neutral magistrate issued an arrest warrant for Christopher Majors based upon this evidence. *Id*. at 43–48. The probable cause standard is more than bare suspicion, but a lower standard than necessary for conviction. *Baribeau v. City of Minneapolis*, 596 F.3d 465, 474 (8th Cir. 2010) (citing *Brinegar v. United States*, 338 U.S. 160, 175 (1949)). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).

Courts have long held that a magistrate's probable cause determination is entitled to "great deference" which serves to effectuate the preference for warrants. *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969)). Furthermore, it does not undermine the probable cause determination if "the person arrested is later found innocent." *Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013) (describing a subsequent determination of innocence as "not material" to probable cause at the time of arrest) (citing *Linn v. Garcia*, 531 F.2d 855, 861 (8th Cir. 1976)). This is exactly what occurred here, and therefore there is no basis to conclude that probable cause was absent for the arrest.

2. *Franks* Issue

Majors argues that although he was arrested pursuant to a judicially-approved warrant, it should be disregarded because Detective Hatcher's affidavit in support of probable cause was invalid. He claims that Detective Hatcher deliberately included this allegedly false statement: "[t]he victim went to a local medical center and was diagnosed with a slight fracture and broken ribs." [ECF No. 15 ¶¶ 60, 64]. The inclusion of this statement, according to Majors, was false and renders the warrant issued pursuant to this representation as facially invalid. The dispute arises from the phrase "slight fracture" because he maintains that the medical records only show bruised ribs.

An arrest warrant may be later deemed invalid if a law enforcement officer deliberately or recklessly provided false statements in support of the arrest warrant. *See Franks v. Delaware*, 438 U.S. 154 (1978). There is a *Franks* violation when (1) a false statement was included in the affidavit either knowingly and intentionally, or with reckless disregard to the statement's veracity, and (2) the remaining content in the affidavit is insufficient to support probable cause. *United States v. Box*, 193 F.3d 1032, 1034–35 (8th Cir. 1999) (citation omitted). The standard to prove

recklessness is whether an officer "entertained serious doubts" about the truth of the statements included in the affidavit. *United States v. Reed*, 921 F.3d 751, 756 (8th Cir. 2019) (quoting *United States v. Conant*, 799 F.3d 1195, 1200 (8th Cir. 2015)). It is not enough to show that an officer made an innocent mistake or was merely negligent. *United States v. Mashek*, 606 F.3d 922, 928 (8th Cir. 2010) (citing *Franks*, 438 U.S. at 171). In the absence of this showing, a warrant affidavit is presumed valid. *United States v. Randle*, 39 F.4th 533, 537 (8th Cir. 2022) (explaining that the "substantial" showing required under *Franks* "is not lightly met") (quoting *United States v. Arnold*, 725 F.3d 896, 898 (8th Cir. 2013)).

Majors has not marshaled any evidence to generate a material question of fact that Detective Hatcher deliberately or recklessly included falsehoods or entertained serious doubts about the veracity of his affidavit. Detective Hatcher testified in his deposition that he believed that Meredith Majors had suffered bruised and/or fractured ribs. He cited to the determination of her medical provider that "she had bruised and/or fractured ribs." [ECF No. 36-2 ¶ 42]. Detective Hatcher averred that he did not attempt to lie or provide any untruthful information in his representations to the state magistrate judge. *Id.* ¶ 43.

In his resistance to the Motion for Summary Judgment, Majors is only able to provide conjecture regarding the recklessness of Detective Hatcher. He cannot defeat a summary judgment motion by speculation, conjecture, or fantasy. *Donathan v. Oakley Grain, Inc.*, 861 F.3d 735, 739 (8th Cir. 2017) (quoting *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007)). Nor can he rely on a "scintilla" of evidence. *Brunsting v. Lutsen Mountains Corp.*, 601 F.3d 813, 820 (8th Cir. 2010) (quoting *Anderson*, 477 U.S. at 252). Majors cannot defeat summary judgment based on an inference that is contradicted by direct evidence in the summary judgment record.

3. Necessity for Probable Cause

Notwithstanding the conclusion that there is no evidence that Detective Hatcher intentionally or recklessly included a false statement, the statement identified by Majors was not essential to a probable cause determination. Majors cannot "show that the affidavit would not establish probable cause if the allegedly false information [were] ignored or the omitted information is supplemented." *United States v. Snyder*, 511 F.3d 813, 816 (8th Cir. 2008) (citing *United States v. Reinholz*, 245 F.3d 765, 774 (8th Cir. 2001)). Without the disputed remark, the phrase would state "[t]he victim went to a local medical center and was diagnosed with bruised ribs." Bruised ribs is sufficient under Iowa law for probable cause of domestic assault causing bodily injury. *See* Iowa Code § 708.1(2)(a) (providing that a person commits assault when they commit "[a]ny act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.").

Majors appears to concede that probable cause would exist even under these circumstances, responding only that this is "not good enough." [ECF No. 36 at 13]. He cites to no legal authority for this conclusion, but proceeds to make conclusory arguments that other statements must also be removed. This is insufficient to defeat summary judgment. Fed. R. Civ. P. 56(c)(1)(A) (Rule 56 allows a party resisting summary judgment to show a fact is genuinely disputed by citing materials in the record, including "admissions").

III. CONCLUSION

For the reasons discussed above, Defendants' Motion for Summary Judgment on Count I is GRANTED. [ECF No. 30]. As noted earlier, Defendants did not seek summary judgment on

Count II and Count III in a manner compliant with Rule 56. However, the summary judgment record does not appear to generate a material dispute of fact regarding the remaining counts.

A district court has authority to grant summary judgment without a motion after it provides "notice and a reasonable time to respond." Fed. R. Civ. P. 56(f). Accordingly, Majors shall file a response by **September 20, 2024** identifying any material disputes of fact precluding entry of summary judgment on Count II and Count III of the SAC.

The response shall be in the form of a written brief and also comply with Rule 56(c). Fed. R. Civ. P. 56(c) (requiring that a nonmovant shall cite to materials in the record supporting its assertion of a genuinely disputed fact). The written response must be free of the numerous spelling and grammatical errors found in the resistance brief. *See* [ECF No. 36] (sealed). Any filing may be stricken if these directives are not followed. Defendants may file a reply to Majors's response by **October 4, 2024**, if so desired.

IT IS SO ORDERED.

Dated this 20th day of August, 2024.

_____
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT